### DODGE and PHILLIPS *against* WILBUR and SCOTT.

*Agents and consignees; lien on property for advances and acceptances.*

THE plaintiff, Daniel K. Dodge, was, in the cotton season of 1846-7, an agent at Apalachicola, of A. A. Gower, Nephews & Co., of London, to procure consignments of cotton to them, to be sold upon commission, with authority to make advances to the shippers by drafts against such consignments.

Dodge received the cotton at Apalachicola, and shipped it direct to Liverpool, consigned to G., N. & Co. Upon doing so he drew, by arrangement with G., N. & Co., upon the defendants' house at New York in favor of the shipper, for the amount of the advance, and at the same time forwarded to the defendants at New York, an invoice and bill of lading of the consignment, made out in the name of G., N. & Co.

The defendants compared the invoice and drafts with the instructions received by them from G., N. & Co., and if in conformity, accepted and paid the drafts, and immediately reimbursed themselves by their own drafts on G., N. & Co., including in them their own commission of one per cent.; and at the same time transmitted to G., N. & Co. the invoice and bill of lading, with orders for insurance. G., N. & Co. paid the defendants' drafts and charged the amount to the shippers as an advance.

In April, 1847, the plaintiffs shipped, through Dodge, at Apalachicola, at different times, eight hundred and ten bales of cotton to G., N. & Co., and Dodge as usual made drafts upon the defendants at New York for the advances — which drafts were accepted and paid; the defendants reimbursing themselves by drafts on G., N. & Co.

In September, 1847, G., N. & Co. failed, leaving several of the defendants' drafts unpaid; part of the plaintiffs' cotton then being unsold. The whole was subsequently sold, and the net proceeds above the amount of all the acceptances of G., N. & Co., for advances made upon the plaintiffs' cotton, amounted to between six and seven thousand dollars.

The plaintiffs claimed that this surplus belonged to them, while the defendants insisted that it should be applied upon the unpaid acceptances of G., N. & Co., held by them.

By agreement the fund was transferred from London to New York, and placed under the control of the defendants, subject to the claims of the respective parties, to determine which this suit was brought.

*Held*, that the defendants and plaintiff Dodge were alike agents of Gower, Nephews & Co., and that the former were not to be regarded as accepting and paying the draft of Dodge for his accommodation, but as making such payment at the request of G., N. &. Co., and in consideration of the commission of one per cent. That the defendants acquired no interest in, or lien upon the cotton, but must look to G., N. & Co. alone for reimbursement, and consequently that the fund in question belonged to the plaintiffs.

(S. C., 5 Sandf. 397; 10 N. Y. 579.)